IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **IBHAR AL MHEID, MD,**  *Plaintiff*,  v.  **KATY MINCHEW, ROBERT SCHOLLMEYER, and ARMOR HEALTH, INC.,**  *Defendants*. | **CIVIL ACTION NO. 3:23-cv-00105-TES** |

**ORDER STRIKING PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Schollmeyer and Minchew move under Federal Rule of Civil Procedure 15(a)(2) to strike Plaintiff's Second Amended Complaint. As explained in further detail below, the Court **GRANTS** Defendants' Motion [Doc. 48] and **STRIKES** Plaintiff's Second Amended Complaint [Doc. 46]. Next, the Court finds that the now-operative complaint in the case—Plaintiff's First Amended Complaint [Doc. 21]—is a shotgun pleading, **STRIKES** it, and **ORDERS** Plaintiff to file a third amended complaint **within 21 days of the date of this Order** if he wishes to pursue this case.

The Court strongly encourages Dr. Mheid to read this Order in its entirety and to follow it if he wishes to remain in court. If he decides to not file a third amended complaint by the deadline, he will leave the Court no choice but to dismiss this case for his failure to prosecute his cases as well as for the separate and independent reason that

there would be no complaint left upon which he could proceed.

## BACKGROUND

To begin, the court provides a brief explanation of this case's convoluted procedural history.

Pro se Plaintiff Ibhar Al Mheid launched this case by filing a Complaint [Doc. 1] in the United States District Court for the Northern District of Georgia. Plaintiff then hired counsel, who filed his First Amended Complaint [Doc. 21], which each Defendant subsequently moved to dismiss. [Doc. 29]; [Doc. 30]; [Doc. 32]. Soon thereafter, Plaintiff's counsel withdrew from the case. [Doc. 35]. In light of that fact, the Northern District and Defendants saw to it that Plaintiff knew of his responsibility to respond to the various motions and gave him ample opportunity to do so. *See* [Doc. 34]; [Doc. 36]; [Doc 37]. He never responded. Instead, Plaintiff moved to either withdraw his First Amended Complaint and proceed on his original Complaint [Doc. 1] or, in the alternative, file a second amended complaint. [Doc. 38]. Before ruling on that motion, the Northern District transferred Plaintiff's case to this Court. [Doc. 42].

Upon receiving the case, this Court denied Plaintiff's motion to withdraw his First Amended Complaint [Doc. 38], but granted him permission to refile it by October 16, 2023. [Doc. 45]. To be clear, the Court did not order Plaintiff to file a motion to amend his complaint a second time. [Doc. 45, p. 3]. But, the Court unambiguously ordered that if Plaintiff did decide to move to amend, he could not simply file a second

amended complaint, rather, he was to file the appropriate motion to amend, attaching any proposed amended complaint as an exhibit to the motion. *Id.* The Court also warned Plaintiff that, if he did not ultimately file a second amended complaint, it would "sua sponte revive Defendants' motions [to dismiss Plaintiff's First Amended Complaint] and rule on them." [Doc. 45, pp. 2, 4]. Considering Plaintiff's pro se status, the Court also advised Plaintiff to consider the consequences of such a dismissal: "even a dismissal without prejudice *can* function as a dismissal *with* prejudice if the limitations period has run." [Doc. 45, p. 3].

Plaintiff again disregarded and ignored the Court's Order. More than a week after the deadline to file his motion to amend, Plaintiff simply filed a Second Amended Complaint [Doc. 46]. Defendants Schollmeyer and Minchew then moved to strike that filing. [Doc. 48].

## DISCUSSION

The Court first considers Defendants' Motion to Strike Plaintiff's Second Amended Complaint. [Doc. 48].

A party who cannot amend a pleading as a matter of course under Rule 15(a)(1) may do so "*only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). Here, Plaintiff no longer had a right to amend his Complaint as a matter of course, and he filed his Second Amended Complaint without Defendants' written consent or the Court's permission. Fed. R. Civ. P. 15(a).

3

Accordingly, because Plaintiff's Second Amended Complaint is legally ineffective, the Court **GRANTS** Defendants' Motion [Doc. 48] and **STRIKES** Plaintiff's Second Amended Complaint [Doc. 46]. *See Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1998).

Having struck Plaintiff's Second Amended Complaint, the Court turns to Plaintiff's First Amended Complaint, which is now the operative pleading. In their respective motions to dismiss, Defendants raise a litany of defenses and each moves to dismiss under Rule 12(b)(6) for failure to state a claim. [Doc. 29]; [Doc. 30]; [Doc. 32].

To begin, Defendant Schollmeyer astutely points out that Plaintiff's First Amended Complaint is a shotgun pleading. [Doc. 30, pp. 13-14]. While the Court finds no fault with his allegations, the relief he requests is not yet proper. [*Id.*]. The Court cannot dismiss this case without first giving Plaintiff one more chance to bring his pleadings into compliance with the Federal Rules of Civil Procedure.

At a minimum, a plaintiff must draft his complaint to comply with the the Federal Rules of Civil Procedure's pleading requirements. For the purposes of this Order, the Court reviews the sufficiency of Plaintiff's pleadings under Rules 8(a)(2) and Rule 10(b), which work together to serve at least two critical functions. These rules require a plaintiff to "present his claims discretely and succinctly, so that . . . his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v.*

4

*Shelby Mut. Ins. Co.*, 760 F.2d 1520 (11th Cir. 1985)). They also allow courts to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." *Id.*

Rule 8(a)(2) requires a plaintiff to draft his complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8 does not require detailed factual allegations, it requires Plaintiff to provide more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, for a plaintiff to clear this hurdle, his complaint must make "either direct or inferential allegations respecting all *material* elements of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

Similarly, Rule 10(b) requires a plaintiff to draft his complaint to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

Given the importance of these pleading requirements, "complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. "[C]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th

Cir. 2018). In fact, tolerating a shotgun pleading is akin to "tolerat[ing] obstruction of justice." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). Because a district court suffers serious ramifications if it doesn't require a plaintiff to follow the most basic pleading requirements,[1] a district court has a "supervisory obligation" to direct a plaintiff to better plead his complaint in a manner that complies with federal pleadings requirements. *Hayden v. Wells Fargo Home Mortg.*, No. 1:10-CV-2153-CAP-ECS, 2010 WL 11647492, at *2 (N.D. Ga. Oct 29, 2010); *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (discussing shotgun pleadings as complaints that "fail[] to adequately link a cause of action to its factual predicates").

Thus far, the Eleventh Circuit Court of Appeals has identified four types of "shotgun pleadings." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019). Such complaints are characterized by:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.

---

[1] *See, e.g., Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); *Cramer v. State of Florida.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard.")).

*Id.* However, "the unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. The inherent issue with shotgun pleadings is that they require the district court, as well as all named defendants, to "cull through [all factual] allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claims." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011).

Here, Plaintiff's First Amended Complaint doesn't specify which facts support which claims and thus fails to "give the defendants adequate notice of . . . the grounds upon which each claim rests." [Doc. 30, p. 14]. The First Amended Complaint includes a lengthy "Factual Allegations" section containing 102 numbered paragraphs of factual allegations, and it purports to assert 6 counts against multiple defendants. *See* [Doc. 21]. By failing to *expressly* incorporate any of the 102 paragraphs of Factual Allegations into *any* of his claims, both the Court and the Defendants are left to guess which facts apply to what claims – exactly what they are not required to do. Plaintiff could easily remedy this deficiency by indicating in each claim which specific paragraphs in the "Factual Allegations" section support it.

However, the Court can't effectively rewrite an improperly pled complaint in

7

order to rule on a pending dismissal motion.[2] Trying to make sense of shotgun pleadings isn't the Court's responsibility. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("It is not the proper function of courts in this Circuit to parse out such incomprehensible allegations, which is why we have stated that a district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading."). The burden of writing a comprehensible complaint that follows the Federal Rules of Civil Procedure and relevant case law rests solely on Plaintiff.

As previously noted, a district court has an obligation to strike shotgun pleadings and to direct wayward plaintiffs to refile their complaints in such a way that complies with the Federal Rules. Here, the Court has done exactly that. The Court recalls that, before it can outright dismiss a case on shotgun pleadings grounds, it must allow a litigant a chance to remedy such deficiencies. *Vibe Micro*, 878 F.3d at 1295. "In these cases, even if the parties do not request it, the district court should strike the complaint and instruct [plaintiff] to replead the case—if [plaintiff] could in good faith make the representations required by [Federal Rule of Civil Procedure] 11(b)." *Id.*

## **CONCLUSION**

To wrap it up, the Court **GRANTS** Defendants' Motion [Doc. 48] and **STRIKES**

---

[2] *See Jackson*, 898 F.3d at 1357 (noting that in order for the lower court judge to rule on the sufficiency of plaintiff's claims, he was "put in the position of serving as the [plaintiff's] lawyer in rewriting the complaint into an intelligible document a competent lawyer would have written").

Plaintiff's Second Amended Complaint [Doc. 29]. The Court then **STRIKES** Plaintiff's First Amended Complaint [Doc. 21] on the grounds that it constitutes a shotgun pleading, and **ORDERS** him to file a third amended complaint **within 21 days of the date of this Order**. If he again fails to do so, the Court will dismiss the case. The Court again reminds Plaintiff that even a dismissal without prejudice may effectively be a dismissal with prejudice if any claim is now time-barred because the applicable statute of limitations has now expired.

**SO ORDERED,** this 7th day of December, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
