IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IBHAR AL MHEID, MD,

    *Plaintiff,*

v.

KATY MINCHEW,
ROBERT SCHOLLMEYER, and
ARMOR HEALTH, INC.,

    *Defendants.*

CIVIL ACTION NO.
**3:23-cv-00105-TES**

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is pro se Plaintiff Ibhar Al Mheid's Motion for Reconsideration [Doc. 73] regarding the Court's Order of Dismissal [Doc. 71]. Plaintiff brought this action on June 3, 2022, seeking relief under 42 U.S.C. § 1983 and state law. *See generally* [Doc. 1]; [Doc. 55]. Despite several warnings, Plaintiff repeatedly violated this Court's rules and orders and the Federal Rules of Civil Procedure. *See* [Doc. 71, pp. 10–16]. Thus, on May 10, 2024, the Court exercised the discretion afforded to it by Federal Rules of Civil Procedure 37(b) and 41(b) and dismissed this action with prejudice. [Doc. 71].

## DISCUSSION

Ten days later and only a week after receiving the Judgment, Plaintiff filed this Motion requesting that the Court reconsider its decision. [Doc. 73]. Before turning to the merits, the Court first explains the law that will guide the Court's analysis.

A.      <u>**Legal Standard**</u>

"Motions for Reconsideration shall not be filed as a matter of routine practice," and "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." LR 7.6, MDGa; *Goolsby v. Astrue*, No. 5:07-CV-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nor should a motion for reconsideration be used "as an opportunity to show the court 'how it could have done it better.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 816 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

B.      <u>**Plaintiff's Motion for Reconsideration**</u>

While Plaintiff's Motion may be uncharacteristically timely, it offers no legal

basis for the Court to reconsider its decision. *See* [Doc. 73]; [Doc. 71]. Plaintiff does not

point to any "intervening change in the law" or "new evidence [that] has been

discovered," and he does not argue that the Court's decision was clearly erroneous.

*Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2). So, the Court

takes Plaintiff's argument to be that "reconsideration is necessary to . . . prevent

manifest injustice." *Id.*

However, Plaintiff fails to demonstrate that his technical difficulties led to a

manifestly unjust outcome in this case, such that the Court should grant this

"extraordinary remedy." *Id.*; *Goolsby*, 2009 WL 3781354, at *1 (quoting *Groover*, 90 F.

Supp. 2d at 1256). According to Plaintiff, he "has had great difficulty utilizing the

electronic filing system (CM/ECF) and received either no—or greatly delayed

notifications regarding activity in this action." [Doc. 73, p. 1]. Plaintiff also claims that

"[s]ubmission of documents was . . . restricted at times[] and required extensive

technical assistance to complete." [*Id.*]. Plaintiff's filing titled "Declaration of Technical

Difficulty" "includes transcripts of emails exchanged with case administrators

demonstrating the nature of some of these issues." [Doc. 73, pp. 1–2]; *see* [Doc. 75-1].

Those emails support his claim that he had some sort of technical problem, but they also

show that the problem was resolved back in January 2024. *See* [Doc. 75-1]. Plaintiff does

not claim that the issues persisted, nor does he show how they could have continued to

affect him several months later when the Court issued its Rules 16/26 Order and its

3

Show Cause Order. [Doc. 65]; [Doc. 70].

Plaintiff's Motion is insufficient for several reasons. Most importantly, Plaintiff

doesn't allege and can't show that his purported technical issues are to blame for any of

the specific reasons the Court dismissed his action. *Compare* [Doc. 73], *with* [Doc. 71]. To

be sure, the Court's Order of Dismissal gave plenty of reasons for dismissing his case,

explaining the Court's reasoning in great detail:

> Plaintiff ignored his deadlines to respond to Defendants' motions to dis-
> miss his original Complaint, his deadlines to respond to Defendants' mo-
> tions to dismiss his First Amended Complaint (not once, but twice), and
> his deadline to file his Third Amended Complaint. *See* [*id.* at pp. 2–4].
> More importantly, Plaintiff also disregarded the Court's order pertaining
> to his second motion to amend, and he apparently made no attempt to
> comply with the Court's order to attend the scheduling conference and co-
> operate in preparing a Proposed Scheduling and Discovery Order. *See* [*id.*
> at pp. 1–2, 3–5]; [Doc. 45]. . . . Now, after missing at least four deadlines
> and violating at least two court orders, Plaintiff has violated a court order
> for the third and final time. [Doc. 70].

[Doc. 71, p. 11]. Yet Plaintiff fails to link his now-resolved technical issues to any of

those reasons. *See* [Doc. 73]. The only information he provides along those lines is one

bareboned conclusory statement: that he "has not been receiving notification[s] for

actions in [this] case, and his ability to submit documents electronically was

intermittently restricted," so he "was therefore unable to respond in a timely manner

and at times failed to meet deadlines established by" this Court. [Doc. 75, Al Mheid

Decl., p. 1]. The emails attached to Plaintiff's declaration do show that he sought (and

received) technical assistance on January 2, 2024—several days after he missed his

deadline to file his Third Amended Complaint and the same day he filed his Motion to Amend. [Doc. 75-1]; *see* [Doc. 51]. However, Plaintiff provides no evidence that he sought assistance before that deadline, and he provides no other information that could allow the Court to find that reconsideration of its dismissal is warranted in this case.[1] *See* [Doc. 73]; [Doc. 75, Al Mheid Decl.].

Second, Plaintiff chose to use the e-filing system, and in his application for electronic filing access, he indicated that he was capable of—and understood the requirements for—using the system. [Doc. 47]. Nonetheless, the Court warned Plaintiff at least four times in the last eight months that this case could be dismissed, and this is the first—and only—time Plaintiff has brought issues with the e-filing system to the Court's attention. *See* [Doc. 71, pp. 13–16]. Critically, Plaintiff didn't start missing deadlines after his decision to begin e-filing. To the contrary, by the time Plaintiff began e-filing on October 26, 2023, he had already missed his deadline to respond to Defendants' motions to dismiss his original Complaint, ignored his deadlines to respond to Defendants' motions to dismiss his First Amended Complaint (not once, but twice), and disregarded the Court's order regarding his second motion to amend. [Doc. 47]; [Doc. 70, pp. 2–4]. Considering that Plaintiff's missteps in this case began long before he opted to e-file and he has only now brought these issues to the Court's

---

[1] The Court notes that notwithstanding all of his so-called technical issues with receiving and uploading documents, Plaintiff certainly received the Court's order dismissing his case and immediately responded with no such trouble.

attention, the Court is not persuaded that the e-filing system caused Plaintiff to miss so many deadlines and his noncompliance with the Federal Rules.

Finally, if anything, Plaintiff's declaration clearly shows that he was fully aware of the Court's Rules 16/26 Order, an order with which he did not comply. In his declaration, Plaintiff claims that he "call[ed] the offices of the opposing parties' attorneys but was unable to arrange a scheduling conference." [Doc. 75, Al Mheid Decl., p. 1]. Again, he offers no detail: did he call during business hours or not? Did he leave a message with someone or not? Plaintiff offers nothing but his unverified and self-serving statements to claim that he didn't know about his compliance issues. But, by claiming he tried to call Defendants' attorneys, Plaintiff confirms that he received the Court's Rules 16/26 Order and thus he knew of the Court's final warnings. He mentions nothing about not receiving that order. *Id.*; *see* [Doc. 65].

However, the Court did not order Plaintiff to attempt to contact the opposing parties and then do nothing if they failed to respond. *See* [Doc. 65]. The Court ordered him to confer with the opposing parties and to submit a Proposed Scheduling and Discovery Order by April 22, 2024. [*Id.* at p. 2]. Plaintiff doesn't even attempt to explain why he didn't notify the Court that he was having trouble communication with the opposing parties. Common sense dictates that one must inform the Court of any trouble with compliance with a Court order, especially after four separate warnings. As the Court explained earlier, Plaintiff is an educated medical doctor. He knew better and

simply ignored the Court.

## CONCLUSION

Accordingly, because Plaintiff fails to demonstrate that "reconsideration is necessary to . . . prevent manifest injustice," the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 73]. *Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2). To the extent that Plaintiff seeks the Court's permission to appeal this decision, the Court also **DENIES** that request. [Doc. 73, p. 2]. Plaintiff may appeal this Court's final decisions as of right. *See* Fed. R. App. P. 3; 28 U.S.C. § 1291.

**SO ORDERED**, this 21st day of May, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**